SAMUEL P. SMITH *vs.* CALIFORNIA INSURANCE COMPANY.

York.   Opinion January 25, 1895.

*Exceptions.   Insurance.   Arbitration.   Waiver.   Stat. 1881, c. 82, § 69.*

Exceptions to the admission or exclusion of testimony cannot be considered by the law court unless enough of the case be stated to show whether the exceptions are material or not.

In the trial of an action to recover for a loss sustained under a fire-insurance policy which contains an arbitration clause, in this case valid and binding on the parties because the insurance was effected by a Massachusetts policy on goods situated in that commonwealth when insured as well as when destroyed by fire, it could not properly be ruled, as a matter of law, that the agreement of arbitration was waived in this state by the company for the reason that it gave no notice until the expiration of about nine months after the proof of loss was made, but about eight months before this action was brought, that it should insist upon a settlement of the amount of loss under the terms of such arbitration clause.

The sending of a case involving the settlement of the amount and value of a stock of goods to an auditor for the determination of those questions in an action upon a fire-insurance policy, although acquiesced in by both parties, deprives neither party of his right to rely upon any other questions arising in the case.

See *Smith* v. *California Insurance Company*, 85 Maine, 348.

ON EXCEPTIONS.

The case is stated in the opinion.

*B. F. Hamilton and B. F. Cleaves*, *G. F. Haley*, with them, for plaintiff.

By the submission the plaintiff contends that the defendant waived the right under the policy to submit the case to arbitration. The policy states that the parties may waive that right. The submission being a matter of record introduced in the case, the effect of that submission was a question of law for the court and not a question of fact for the jury. When a domestic record is put in issue, it is to be tried by the court. The construction of it was for the court. *Sawyer* v. *Garcelon*, 63 Maine, 25.

The jury are to decide matters of fact and those only. When the facts are found by uncontradicted and unquestioned testimony or by agreement or by special verdict, their legal effect is a matter of law, to be determined by the court. *Todd* v. *Whitney*, 27 Maine, 480; *Witham* v. *Portland*, 72 Maine, 539; *Roberts* v. *Shirley*, 74 Maine, 144.

As a rule, both in civil and criminal cases, cases of libel to some extent excepted, writings are to be expounded by the court. The meaning of the instrument, the promise it makes, the duty or obligation it imposes, is a question of law for the court. *State* v. *Patterson*, 68 Maine, 473; *Nash* v. *Drisco*, 51 Maine, 417; *Fenderson* v. *Owen*, 54 Maine, 372.

The contract as originally made was that in case of loss the claim should be submitted to arbitrators, subsequently they made an independent contract to submit the case to an auditor thereby waiving the agreement to submit to arbitration, the submission to the auditor being inconsistent therewith. The effect of a subsequent contract upon a pre-existing one is a

question for the court to determine from the terms. *Cocheco Bank* v. *Berry*, 52 Maine, 293.

That the proof of loss was given upon November 21st, 1888, and the defendant did not notify or request arbitration until August 5th, 1889, were two uncontradicted facts. The facts being uncontradicted it was the duty of the court to declare the legal consequences following therefrom. Cases, *supra*. *Saunders* v. *Curtis*, 75 Maine, 493 ; *Rice* v. *Dwight Co.* 2 Cush. 80 ; *Short* v. *Woodward*, 13 Gray, 86 ; *Pratt* v. *Langdon*, 12 Allen, 544 ; *Globe Works* v. *Wright*, 106 Mass. 207.

There was no dispute but that nine months, after the proof of loss, expired before the defendant requested arbitration. Whether that was within a reasonable time was a question for the court. *Atwood* v. *Clark*, 2 Maine, 249 ; *Howe* v. *Huntington*, 15 Maine, 350 ; *Hill* v. *Hobart*, 16 Maine, 164 ; *Portland* v. *Water Co.* 67 Maine, 135. It was a proper case to be sent to an auditor. *Clement* v. *Insurance Co.* 141 Mass. 298.

By consenting that the case be submitted to an auditor they admitted a liability, and no defense was open to the defendant, the only question open being the amount of liability. Revised Statutes, chap. 82, § 69, provides when an auditor may be appointed and it is only when an investigation of accounts or an examination of vouchers is required. The court decreed it was required. The defendant agreed that it was required. It was not required unless there was a liability.

By reason of the submission to the auditor, there was no defense open to the defendant except that which was recited in the rule to the auditor. Nothing could be tried except the auditor's finding. *Closson* v. *Means*, 40 Maine, 338 ; *Howard* v. *Kimball*, 65 Maine, 327 ; *Black* v. *Nichols*, 68 Maine, 227.

The consent of parties and decree of court that the case be submitted to an auditor takes the place of the interlocutory decree to an action of account. Cases, *supra*.

By consenting that the case be sent to an auditor they waived the question of liability. *Kimball* v. *Baptist Society*, 2 Gray, 517 ; *Kendall* v. *Weaver*, 1 Allen, 277.

*Edwin Stone*, for defendant.

Sitting : Peters, C. J., Walton, Emery, Haskell, White-house, Wiswell, JJ.

Peters, C. J.   A verdict in this case for the plaintiff was set aside on the motion of the defendants, as see 85 Maine, 348, and now the case returns to us with a verdict for the defendants and a bill of exceptions by the other side.

The first exception, relating to the admission of certain testimony, is probably not now relied on and must be overruled for the reason that there is not any statement of facts showing its relevancy to any issue in the case.

The second exception must be overruled for the same reason. The plaintiff, while on the stand as a witness in his own behalf, was required to state on his cross-examination that his brother George, when the plaintiff last saw him, was in the Massachusetts state prison.   The parties at the trial may have understood the pertinency of the question, but, there being no report of testimony, there is nothing to inform us what bearing the question or answer had in the case.   It does not appear whether George was a witness or not, or whether he was in prison for the purpose of punishment, or, if so, whether for the punishment of any offense having any connection with this investigation. *State* v. *Pike*, 65 Maine, 111.

Other exceptions are taken which depend for their decision upon a clause in the insurance policy upon which the action is brought, taken in connection with certain admitted or uncontested facts affecting its interpretation.   The clause is as follows : "In case of loss under this policy and a failure of the parties to agree as to the amount of loss, it is mutually agreed that the amount of such loss shall be referred to three disinterested men, the company and the insured each choosing one out of three persons to be named by the other, and the third to be selected by the two so chosen, the award in writing of a majority of the referees to be conclusive and final as to the amount of loss or damage ; and such reference, unless waived by the parties, shall be a condition precedent to any right of action in law or equity to recover for such loss."   This being a Massachusetts policy,

issued on goods situated in that commonwealth, and the fire occurring there which occasioned the loss, the law of that commonwealth, where such a clause is fully upheld as an essential part of the policy, must be on that point the law of this case.

The policy was taken out November 6, 1888. The loss occurred November 9, 1888. The proof of loss was made November 21, 1888. The action was commenced April 18, 1890, the declaration containing counts on the policy without any averment on or allusion to the arbitration clause. On August 5, 1889, nearly nine months before the date of the writ, the defendant company gave the plaintiff notice that they should insist upon a settlement of the loss under the arbitration clause.

On these facts the counsel for plaintiff requested the presiding justice to rule that as a matter of law the defendants had waived their right to arbitration. This the justice declined to do, but, explaining what might constitute a waiver, he submitted the question to the jury to determine for themselves, on all the facts both those admitted and those disputed, whether there had been such waiver or not; the jury being authorized to consider the notice and its lateness as circumstances with other facts in the case.

We do not see how the company's silence for nine months can be construed as a legal waiver of the right of arbitration. The clause constituted an essential element in the contract, and did not merely extend an option to either party. It was as much the duty of one party as of the other to initiate the proceeding, unless it may have possibly been more the duty of the plaintiff as the affirmative party. The company might be led to suppose that the insured would not press his claim in the face of the accusation of fraud alleged against him, and especially, if, as is stated, the plaintiff commenced an action on the policy in a Massachusetts court immediately after proof of loss and shortly afterwards abandoned it. The plaintiff himself took no step indicating waiver by him until the bringing of his action nine months later than the notice by the defendants insisting upon an arbitration.

Upon another ground also does the plaintiff claim that a waiver of the right of arbitration was effected. It appears that

at some term of court prior to the term, when the action was tried, the case was sent to an auditor to examine and report upon the accounts of the parties. The plaintiff contends that this proceeding cut the defendants off from all their grounds of defense to the action other than that of the amount of loss. This is an utterly untenable proposition. There being several independent positions of defense taken by the defendants in their pleadings, it was desirable to relieve the court of the drudgery of wading through an investigation of hundreds of disputed items. And it would have been an impossible task for the jury.

By § 69, ch. 82, stat. of 1881, it is provided that, "when an examination of accounts or an investigation of vouchers is required, one or more auditors may be appointed by the court to hear the parties and their testimony, state the accounts and make a report to the court in such matters therein as may be ordered by the court, and the report is *prima facie* evidence upon such matters only as are expressly contained in the order." It will, therefore, be seen that parties are not estopped by the report, even in matters submitted to the auditors, from further defense in such matters, the effect of the auditors' report being no more than merely to change the burden of proof. And, *a fortiori*, an auditor's report can create no estoppel in matters not submitted to him.

Stress is given by plaintiff's counsel to the fact that, as it is asserted, the case was sent to the auditor for an investigation of accounts "with the consent of both parties." This phrase is taken from the commission to the auditor, the clerk using an old-time printed form which was in vogue anciently when consent of parties was required. It is otherwise now. But there is nothing on the docket in this action indicating that any consent to the submission was given or required.

But it is immaterial whether the case was sent to an auditor by consent or not. The court could send it there with or without consent. It went there by the direction of the court and on its responsibility. The cases cited by counsel on this point are not applicable here. They involve strictly actions of account at

the old common law, still maintainable in this state, in which there can be no accounting until all defenses in bar or abatement of the action are first disposed of. There cannot be an action of account to collect a loss upon an insurance policy.

*Exceptions overruled.*